**UNITED STATES of America,**
**Appellee,**

v.

**Eduardo BAEZ, also known as Doc, Defendant–Appellant.**

Nos. 98–1482(L), 99–1309.

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

Kurt F. Zimmerman, New Haven, CT; Silverstein & Osach, for appellant.

Robert M. Appleton, Bridgeport, CT; Assistant United States Attorney, for appellee.

Present OAKES, JACOBS, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Eduardo Baez appeals from the judgment of the United States District Court for the District of Connecticut (Nevas, J.), on his plea of guilty to RICO conspiracy in violation of 18 U.S.C. § 1962(d), sentencing him chiefly to 188 to 235 months imprisonment.

Baez was indicted along with others in a case involving the Connecticut chapter of the Almighty Latin King Nation, a gang collectively charged with various crimes involving violence, drug trafficking, and racketeering.

 Just prior to sentencing, Baez's counsel moved for a psychiatric evaluation pursuant to 18 U.S.C. § 4241 to determine whether Baez was competent at the time of his plea, and to provide evaluation of the defendant for the purposes of sentencing. On appeal, Baez challenges Judge Nevas's denial of that motion. We review the denial of such a motion for abuse of discretion. *See United States v. Nichols,* 56 F.3d 403, 414 (2d Cir.1995) (denial of motion under § 4241 reviewed for abuse of discretion); *United States v. Scarpa,* 913 F.2d 993, 1023–24 (2d Cir.1990) (denial of motion made under related § 4244 reviewed for abuse of discretion); *United States v. Vamos,* 797 F.2d 1146, 1150–51 (2d Cir.1986) (denial of motion under § 4247, relating to competence to stand trial, reviewed for abuse of discretion). Such an evaluation is required only if the district court has "rea-

sonable cause to believe that the defendant has a mental defect rendering him incompetent." *Nichols,* 56 F.3d at 414. A judge is free to base his decision on his own observations of the defendant. *See United States v. Oliver,* 626 F.2d 254, 258–59 (2d Cir.1980).

On appeal, Baez principally points to four indications of psychiatric difficulties: his 1975 honorable discharge from the Navy citing "character and behavior disorders"; an affidavit from his lawyer stating that Baez suffered "emotional breakdowns"; the disconnect between his life as a successful and respected psychologist and his life as the leader of a violent street gang; and his decision to flee while he was out on bail and awaiting sentencing.

 Baez made no mention of any psychiatric difficulties when he accepted the government's plea agreement. Judge Nevas found that the preparation that went into Baez's attempt to flee was indicative of rational planning rather than a disturbed mind. As for the remaining indications of incompetence that Baez points to, the district court weighs this evidence in combination with its own observations of Baez and the surrounding circumstances. We have previously upheld decisions under similar circumstances. *See, e.g., Scarpa,* 913 F.2d at 1023–24 (upholding decision to deny request where defendant presented evidence of a suicide attempt, low IQ test scores, minimal education, and a ten year old diagnosis of psychiatric problems); *Oliver,* 626 F.2d at 258 (finding no abuse of discretion where judge denied request for evaluation prior to finding defendant competent to stand trial even though presented with evidence that defendant had lapses of memory, was unresponsive to questions, had difficulty in discussions with counsel, and had a history of heavy drug use). There was no abuse of discretion here.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.